# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 9, 2022

Lyle W. Cayce
Clerk

No. 21-40678
Summary Calendar

———————

Michael Habiniak,

*Plaintiff—Appellant*,

*versus*

Mario E. Ramirez, Jr., Judge; C. Wesley Kittleman, Attorney; Carlos Yzaguirre, Attorney; David J. Lumber, Attorney; James P. Grissom, Attorney; William A. Csabi, Attorney; The Kittleman, Thomas ; Gonzalez Law Firm; The Guerra Law Group, P.L.L.C.; Texas National Bank; Arsenio Afaro; Heirberto Alaniz; Hector Guerra, Sr.; Hector Guerra, Jr.; Candelario Ontiveros; Joe Quiroga; Abel Rodriguez; The Federal Deposit Insurance Corporation; The Office of the Comptroller of the Currency; Texas National Bank Board of Directors,

*Defendants—Appellees*,

———————————————————

Michael Habiniak,

*Plaintiff—Appellant*,

*versus*

No. 21-40678

MNB Ventures, Incorporated; Texas National Bank; Heriberto Alanis, Director; Joe Quiroga, Director; Candelario Ontiveros; Mario E. Ramirez, Jr., TNB's 51% Controlling Shareholder; The Kittleman Thomas Law Firm, TNB's 51% Controlling Shareholder; The Guerra Group Law Firm, TNB's 51% Controlling Shareholder; Carlos M. Yzaguirre, Attorney; David J. Lumber, Attorney; James P. Grissom, Attorney; William A. Csabi, Attorney,

*Defendants—Appellees*,

_____

Michael Habiniak,

*Plaintiff—Appellant*,

*versus*

MNB Ventures, Incorporated, each in their individual capacity; Texas National Bank, each in their individual capacity; Heriberto Alanis, each in their individual capacity; Hector Guerra, Sr., each in their individual capacity; Hector Guerra, Jr., each in their individual capacity; Candelario Ontiveros, each in their individual capacity; Joe Quiroga, each in their individual capacity; Abel Rodriguez, each in their individual capacity; Atlas, Hall ; Rodriguez, L.L.P., each in their individual capacity; Kittleman Thomas Law Firm, each in their individual capacity; C. Wesley Kittleman, each in their individual capacity; Carlos M. Yzaguirre, each in their individual capacity; Guerra Law Group, each in their individual capacity; Carlos L. Guerra, each in their individual capacity; David J. Lumber, each in their individual capacity; Mario E. Ramirez, Jr., each in their individual capacity; James P. Grissom, each in their individual capacity; William A. Csabi, each in their individual capacity; David J.

2

Bradley, each in their individual capacity; Micaela Alvarez, each in their individual capacity; Charles Murray, each in their individual capacity; Missy Medary, each in their individual capacity; Laura Hinojosa, each in their individual capacity; Randy Crane, each in their individual capacity,

*Defendants—Appellees.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 7:14-CV-69, 7:15-CV-299, and
7:17-CV-343

---

Before Davis, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant, Michael Habiniak, appeals the district court's denial of his Rule 60(d)(3) motion alleging fraud on the court. Because the district court did not abuse its discretion in denying Habiniak's motion, we AFFIRM.

This appeal is the latest chapter in Habiniak's efforts to obtain relief in federal court from state court judgments rendered against him long ago. On July 7, 2021, Habiniak filed a motion pursuant to Rule 60(d)(3) to "remove the permanent pre-filing injunction and to set aside [the district court's] judgments entered in [7:14CV-069 and 7:15-CV-299]" for fraud on the court. In conclusory fashion, Habiniak asserted that "officers of the court" led the district court to believe that a state court finding that a state court judge need not be disqualified from presiding in Habiniak's state court

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40678

proceeding and the no-evidence summary judgment the judge rendered against him were lawful. He contended that "officers of the court planned and executed their scheme to subvert and blatantly abuse the judicial process of the [district court], as they did in the state court proceeding" which rendered the judgment entered in his federal court proceedings "obtained by . . . fraud on this Court."

This Court reviews the denial of a Rule 60(d)(3) motion for abuse of discretion.[1] The alleged fraud on the court cited by Habiniak constituted the bases of the claims already adjudicated in Habiniak's various federal court proceedings. Rather than establishing proof of fraud on the court, Habiniak is rehashing his substantive claims regarding the lawfulness of the no-evidence summary judgment rendered against him and denial of the disqualification of state court Judge Ramirez. This Court has already affirmed the district court's judgments rejecting these claims.

For these reasons, and those stated by the district court, the district court did not abuse its discretion in denying Habiniak's Rule 60(d)(3) motion.[2] We AFFIRM.

All pending motions are DENIED.

---

[1] *See Riley v. Wells Fargo Bank, N.A.*, 815 F. App'x 808, 809 (5th Cir. 2020); Unpublished opinions issued in or after 1996 "are not precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

[2] *See Riley*, 815 F. App'x at 809 (affirming district court's denial of Rule 60(d)(3) motion because plaintiffs were "rehashing their substantive claims").